UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

NORRIS RAY #105383,

    Plaintiff,

v.                                                   3:10-cv-208

WARDEN DAVID MILLS,
MEDICAL DOCTOR FRISSEBY,
and FAYE JEFFERS,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendant Faye Jeffers. For the following reasons, process shall not issue as to the remaining defendants.

Plaintiff is an inmate in the Morgan County Correctional Complex (MCCX). He alleges that he is being denied medical treatment for a serious infection and related

symptoms. The defendants are Warden David Mills, Dr. Frisseby, and Faye Jeffers, who is the assistant health administrator at MCCX. According to plaintiff, defendant Jeffers is responsible for the initial diagnosis of prisoners' medical needs and for ensuring that prisoners receive the medical care they require.

Plaintiff has made no factual allegation that Warden Mills played a role in depriving plaintiff of any constitutional right; rather plaintiff attempts to impose liability on him under a general theory of respondeat superior since he contends Warden Mills is legally in charge of inmates at MCCX and is responsible for supervising his employees. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Therefore, Warden David Mills is **DISMISSED** from this action.

Likewise, with respect to Dr. Frisseby, plaintiff makes no factual allegations against him other than to say that Dr. Frisseby is responsible for the diagnosis and treatment of prisoners at MCCX. Accordingly, Dr. Frisseby is **DISMISSED** from this action.

The plaintiff is **ORDERED** to complete the service packet for defendant Faye Jeffers and return it to the Clerk's Office within twenty (20) days of the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packet for defendant Jeffers within the time required could jeopardize his prosecution of this action.

Defendant Jeffers shall answer or otherwise respond to the complaint within twenty (20) days from the date of service. Defendant's failure to timely respond to the complaint may result in entry of judgment by default against defendant Jeffers.

Plaintiff is **ORDERED** to inform the court, and the defendant or her counsel of record, immediately of any address changes. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge